## LAMPREY *v.* LEAVITT.

When, after a plea of discharge in bankruptcy, and a replication alleging the attachment of the defendant's property upon the writ, prior to his petition, judgment has been rendered for the plaintiff, and execution awarded against the property attached, the officer who attached the property may maintain an action against one to whom he has bailed it, upon the receipt of such bailee, in the ordinary form.

Interest upon the value of the property, in such case, is recoverable from the time the property is demanded.

ASSUMPSIT, upon a receipt given by the defendant to the plaintiff, a deputy-sheriff, for goods attached by him upon

a writ in favor of one Josiah Dearborn against Alfred J. Batchelder, dated February 5, 1842. On that day Dearborn sued a writ out of the Court of Common Pleas for this county, returnable to the then next September term, against Batchelder, which on the same day was put into the hands of the plaintiff for service, and he on the same day attached on said writ a horse, chaise, wagon and a stage coach, the property of Batchelder. On the same day the defendant Leavitt took possession of the attached property, and gave to the plaintiff his receipt therefor, by which he promised to deliver the property to him on demand, or to account to him for the same in money at the valuation of $135.

The action of Dearborn was entered at the September term of the Court of Common Pleas for this county, at which it was returnable, and continued. On the 29th day of December, 1842, Batchelder filed in the District Court of the United States for the district of New-Hampshire, his petition to be declared a bankrupt, agreeably to the provisions of the act of Congress, passed August 19th, 1842, and on the 21st day of September, 1843, obtained his discharge. At the February term, 1844, of the Court of Common Pleas, Batchelder pleaded in bar of the further maintenance of the action of said Dearborn, his discharge in bankruptcy, to which plea at the same term Dearborn filed his replication, setting forth therein that prior to the time of the filing of Batchelder's petition to be declared a bankrupt, as aforesaid, he, the said Dearborn, had sued out his aforesaid writ, upon which Batchelder's goods had been attached as aforesaid; to which replication the defendant filed a general demurrer, which was overruled, and judgment rendered for the plaintiff to the amount of the property attached, at the August term of the Court of Common Pleas. Execution issued against Batchelder for said amount, and on the 10th of October, 1844, Lamprey demanded of Leavitt the property men-

tioned in the receipt, which Leavitt refused to deliver or to account for in money at its aforesaid valuation of $135.

The plaintiff's writ is dated January 27, 1845. The parties agreed that if the court should be of the opinion that the plaintiff is entitled to recover in this action, judgment might be rendered for the plaintiff for $135, and interest, as the court should direct, and for his costs; otherwise judgment should be rendered for the defendant for his costs.

*Tuck*, for the defendant.

*Marston*, for the plaintiff.

GILCHRIST, J.   Where an attachment of property has been made prior to the petition for bankruptcy, judgment may be rendered for the plaintiff, and execution may go against such property.   *Kittredge* v. *Warren*, 14 N. H. 509.

The property in this case had been delivered to the defendant, who had given the officer his receipt for it.   The principle of the case cited requires that the officer who has attached the property should be able to maintain a proper action to protect his possession of it, or to recover upon a receipt which he has taken from one to whom he has bailed it.

Interest should be allowed from the time when the property was demanded.

*Judgment for the plaintiff.*